UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYNDON LEIGH LAKHAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1971** |
| **CHARLES "CHIP" WALE, ET AL.** | **SECTION: "C"(3)** |

### ORDER AND REASONS

Plaintiff, Lyndon Leigh Lakhan, filed this civil rights complaint against Charles Wale, José Rel, and Ed Howell. In the complaint, plaintiff claims that he was wrongly arrested by the defendants on October 25, 2008, for two drug offenses. He further claims that the defendants used excessive force to effect that arrest.

The defendants have filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).[1] Plaintiff has opposed that motion.[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[3]

"A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." _In re_ Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 209-10 (5th Cir. 2010). The United States Fifth Circuit Court of Appeals has explained:

> To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. To be plausible, the complaint's factual allegations must be enough to raise a right to relief

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 23.

[3] Rec. Doc. 17.

> above the speculative level. In deciding whether the complaint states a valid claim for relief, *we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff*.

Id. at 210 (emphasis added; citations, quotation marks, and brackets omitted).

In their motion, the defendants argue that plaintiff's claims must be dismissed because they are clearly prescribed. However, for the following reasons, that fact cannot be determined from the face of the complaint.

The defendants correctly note that the applicable statute of limitations in this case is one year. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492.

The defendants also correctly note that the limitations period for plaintiff's excessive force claims commenced on October 25, 2008, when the force was used and when plaintiff knew or had reason to know he was injured. Price v. City of San Antonio, Texas, 431 F.3d 890, 893-94 (5th Cir. 2005); see also Aduddle v. Body, 277 Fed. App'x 459, 461 (5th Cir. 2008); Everson v. N.O.P.D. Officers, Civ. Action No. 07-7-27, 2009 WL 122759, at *2 n.2 (E.D. La. Jan. 15, 2009).

That said, the defendants ignore the fact that plaintiff is also asserting claims for false arrest/false imprisonment, and it is not clear from the complaint when the statute of limitations began to run with respect to those claims. The United States Supreme Court has held that the statute of limitations for such claims "begins to run at the time the claimant becomes detained pursuant to

legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007); see also Mapes v. Bishop, 541 F.3d 582, 584 (5th Cir. 2008). Therefore, the statute of limitations on plaintiff's false arrest/false imprisonment claims "commenced to run when he appeared before the examining magistrate and was bound over for trial." Wallace, 549 U.S. at 391. That date cannot be determined from the pleadings in this matter.

Nevertheless, that issue aside, the defendants' motion clearly fails for a more fundamental reason: the Court cannot determine from the face of the pleadings that *any* of plaintiff's claims were prescribed on July 1, 2010, the date on which this lawsuit was filed.[4] Plaintiff alleges in his federal complaint that he filed a lawsuit based on these same facts against these same defendants in state court on October 21, 2009, and he further alleges that the state court lawsuit was still pending when this federal lawsuit was filed.[5] That allegation, which must be accepted as true for the purposes of the instant motion, is critical.

In § 1983 actions, federal courts have "generally referred to state law for tolling rules, just as we have for the length of statutes of limitations." Wallace, 549 U.S. at 394. Moreover, it is clear that "[u]nder Louisiana law, the pendency of an action can interrupt the limitations period." Rivera v. Baton Rouge City Police Department, 75 Fed. App'x 287, 288 (5th Cir. 2003); see also New York

---

[4] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, July 1, 2010.

[5] Rec. Doc. 2, pp. 1-2.

3

Life Insurance Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998); La.C.Civ.P. arts. 3462 & 3463.[6]

Due to plaintiff's allegation that he filed a lawsuit in state court against these same defendants based on these same facts within one year of the incident, it is not clear from the face of the complaint that his claims were prescribed when this federal lawsuit was filed. Rivera, 75 Fed. App'x at 288.

Accordingly, the defendants' motion for judgment on the pleadings is **DENIED**.

New Orleans, Louisiana, this third day of January, 2011.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[6] Article 3462 provides:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

La.C.Civ.P. art. 3462. Article 3463 continues:

> An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.

La.C.Civ.P. art. 3463.